**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

ANGELA BARNES,                  :

    Petitioner,             :     Civil Action No. 12-2705 (RMB)

vs.                             :     **OPINION**

WILLIAM HAUCK, et al.,          :

    Respondents.            :
_____

**APPEARANCES:**

Angela Barnes, <u>Pro Se</u>
607992
Edna Mahan Correctional Facility
P.O. Box 4004
Clinton, NJ 08809

Robin A. Hamett
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
Attorney for Respondents

**BUMB, District Judge**

    Respondents filed a motion to seal (docket entry 14) in this habeas case filed by Petitioner pursuant to 28 U.S.C. § 2254. The motion is unopposed. For the following reasons, the motion will be granted.

<u>BACKGROUND</u>

    Respondents filed this motion to seal along with their to Petitioner's habeas petition. Respondents seeks to admit, as

of the state court record attached to that Response, Petitioner's state Pre-Sentence Investigation Report ("PSIR"); however, they to file it under seal, pursuant to Local Civil Rule 5.3, "given confidential nature of the information contained therein." p. 2).

Respondents argue that under New Jersey state law, PSIRs are not a matter of public record. Rather, they are confidential to the parties and sealing falls within the purview of Local Civil Rule 5.3(a)(3). (Brief, p. 4).

## DISCUSSION

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to both materials filed with the Court and judicial proceedings themselves. *See* Allyn Z. Lite, *N.J. Federal Practice Rules*, Comment 1 to L. Civ. R. 5.3 (Gann 2012). Under L. Civ. R. 5.3(c)(2), a party seeking an Order to seal materials or judicial proceedings must describe:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

The Court finds that under the standard enunciated above, there is good cause to seal Petitioner's state PSIR. First, the PSIR is a material that should be sealed under the rules governing the State of New Jersey, and thus falls within the

purview of L. Civ. R. 5.3(a)(3).  Presentence investigation reports are subject to rules of confidentiality.  While N.J. Civ. R. 3:21-2(a) allows the PSIR to be furnished to the defendant and prosecutor, the PSIR should not be made a matter of public record.  *See State v. DeGeorge*, 113 N.J. Super. 542, 544 (App. Div 1971); *see also State v. Boiardo*, 82 N.J. 446, 463 n.14 (1980).  Moreover, presentence investigative reports in federal criminal cases are presumed to be confidential.  *See generally* Comment 3b to Local Criminal Rule 32.1.

Second, there is a clear interest to protect the confidentiality and privacy concerns of Petitioner that outweighs any public interest in gaining access to the court-filed document (PSIR).  Finally, there does not appear to be any less restrictive alternative to protect disclosure of this confidential material.  Given the confidential nature of all the information contained therein, redaction does not seem an adequate method to protect this material. The Court concludes that sealing the PSIR is necessary to protect Petitioner's privacy interests and there is no less restrictive alternative available at this time.  *See Oliver v. N.J. State Parole Bd.*, 2007 U.S. Dist. LEXIS 21136 (D.N.J. Mar. 26, 2007) (Hochberg, J.)(granting defendant's motion to seal diagnostic and evaluative assessments of plaintiff prisoner because there was no less restrictive alternative to protect the prisoner's privacy interest).

Therefore, this Court grants Respondents' motion to seal the PSIR.

## **CONCLUSION**

For the reasons set forth above, Respondents' motion to seal Petitioner's state PSIR, pursuant to L. Civ. R. 5.3, will be granted.  An appropriate Order follows.


                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: June 25, 2013

4